IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ODELL M. HARDISON,

                      Petitioner,

    v.                                             OPINION & ORDER

DON STROHN,                             17-cv-961-jdp

                      Respondent.

---

Pro se petitioner Odell M. Hardison, a state prisoner incarcerated at the New Lisbon Correctional Institution, has filed his fourth habeas petition under 28 U.S.C. § 2254. He contends that he is entitled to habeas relief because the government lacked sufficient evidence to convict him of various drug-related offenses, he had ineffective assistance of counsel, and he was subject to a miscarriage of justice. Dkt. 1, at 1–3.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Because Hardison has not obtained permission from the court of appeals to file a successive habeas petition, this court lacks jurisdiction to consider the petition's merits, so I will dismiss the petition and close the case.

BACKGROUND

I draw the following facts from Hardison's petition and his prior habeas proceedings. Dkt. 1; *Hardison v. Pugh*, No. 10-cv-285 (E.D. Wis. filed Apr. 5, 2010); *Hardison v. Pugh*, No. 13-cv-1244 (E.D. Wis. filed Nov. 5, 2013); *Hardison v. Douma*, No. 16-cv-287 (E.D. Wis. filed Mar. 9, 2016).

In 2004, Hardison was convicted of five offenses: one count of maintaining a drug trafficking place, one count of delivering between 15 and 40 grams of cocaine, one count of delivering between 5 and 15 grams of cocaine, and two counts of possessing a firearm as a felon. He was sentenced to serve 35 years: 16 years of initial confinement and 19 years of extended supervision.

Hardison subsequently filed three 2254 petitions in the Eastern District of Wisconsin, all challenging the same 2004 conviction. In his first petition, he argued that he had ineffective assistance of counsel and that the government obtained evidence through an unlawful search and seizure. No. 10-cv-285, Dkt. 2 (E.D. Wis. Apr. 5, 2010). The court denied the petition as untimely: the Wisconsin Supreme Court had denied his petition for review on February 24, 2006, but Hardison had filed his petition on April 5, 2010. No. 10-cv-285, Dkt. 28 (E.D. Wis. Dec. 20, 2010). In his second petition, Hardison argued that his right to a jury trial had been violated and that he had ineffective assistance of counsel. No. 13-cv-1244, Dkt. 3 (E.D. Wis. Nov. 6, 2013). The court denied the second petition as an unauthorized successive petition. No. 13-cv-1244, Dkt. 17 (E.D. Wis. May 14, 2014). In his third petition, Hardison argued that the search warrant was illegally executed, that the criminal complaint against him lacked essential facts to show probable cause, that the trial court lacked subject matter jurisdiction, that he had ineffective assistance of counsel, and that the government failed to disclose pertinent evidence and destroyed it. No. 16-cv-287, Dkt. 1 (E.D. Wis. filed Mar. 9, 2016). The court again denied the petition as an unauthorized successive petition. No. 16-cv-287, Dkt. 7 (E.D. Wis. Mar. 30, 2016).

ANALYSIS

The first question is whether Hardison's 2254 petition before me is successive to his prior petitions. I conclude that it is. Generally, courts "do not count previous petitions that were dismissed for technical or procedural deficiencies that the petitioner can cure before refiling." *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). When a petition is dismissed as untimely, as it was in Hardison's first habeas proceeding, that petition is considered denied on the merits because the petitioner "can do nothing to correct his late filing, and if he refiled his petition the district court would again deny it as untimely." *Id.*; *accord Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation."). One narrow exception to this rule could apply if the court that denied the previous petition had explicitly noted—as opposed to being silent—that the dismissal was without prejudice, *Pavlovsky*, 431 F.3d at 1065, but that is not the case here: the Eastern District did not explicitly note that the dismissal of Hardison's 2010 petition was without prejudice. *See* No. 10-cv-285, Dkt. 28 (E.D. Wis. Dec. 20, 2010).

A habeas petition can be deemed not successive if it is "based on a claim that did not become ripe any earlier than until after the adjudication of the petitioner's first petition." *United States v. Obeid*, 707 F.3d 898, 903 (7th Cir. 2013). Hardison's claims were ripe before his first petition. He claims ineffective assistance of counsel, but he could have raised the claim in his first petition; indeed, he presented the claim in his first petition. *See* No. 10-cv-285, Dkt. 2. Likewise, he could present his remaining claims—that the government lacked sufficient evidence and that he suffered a miscarriage of justice, both because the law enforcement had

destroyed pertinent evidence—in his first petition; Hardison indicates that he raised these issues on direct appeal before the state courts. Dkt. 1, at 2–3.

Because Hardison's 2254 petition is a successive petition, he must obtain authorization from the court of appeals before this court can exercise jurisdiction and consider the merits. 28 U.S.C. §§ 2244(a),(b), 2255(h); *see also Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013) ("Without authorization from the court of appeals, the district court has no jurisdiction to hear the [successive] petition."). Hardison has not obtained such authorization, so this court lacks jurisdiction to consider the merits. I will dismiss the petition.

Hardison has filed a motion asking for a certificate of appealability along with his petition. Dkt. 2. This jurisdictional dismissal constitutes a final order, so Hardison can appeal only with a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005). Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. Because reasonable jurists would not otherwise debate whether this petition is successive, I will not issue a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Odell M. Hardison's petition for writ of habeas corpus, Dkt. 1, is DISMISSED for lack of authorization to file a successive petition.

2. Petitioner's motion for a certificate of appealability, Dkt. 2, is DENIED. If petitioner wishes, he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered January 26, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge