# UNITED STATES COURT OF APPEAL

# SEVEN CUIRCUIT



**ODELL M. HARDISON JR.**

    **Plaintiff,**

Vs.                                                     Case No:

**DON STRAHOTA, (Warden)**

    **Defendant,**

## MOTION FOR CERTIFICATE OF APPEALABILITY

## PURSUANT TO 28 USC § 2253, RULE 22 F.R.A.P., AND SEVENTH CIRCUIT RULE 22-1 (d)

### I. INTRODUUCTION

The Plaintiff, ODELL M. HARDISON JR., a prisoner proceeding pro-se, and a citizen of the United States motion this Court seeking a Certification of Appealability pursuant to Rule 22 F.R.A.P, and Seventh Circuit Court Rule 22-1(d), that permit the Petitioner to appeal in the Eastern District

The Plaintiff has made a substantial showing of the denial of his constitutional rights 28 USC §2253, and Seventh Circuit Rule 22-1(d), for a Certification of Appealability.

### II. ISSUES ON WHICH COA IS SOUGHT

1. The Wisconsin State court erred in failing to grant the, proper motion and grant appropriate relief, Evidentiary Hearing on Petitioner's claims of insufficiency of evidence, ineffective assistance of counsel (a) miscarriage of justice, as regards counsel's failure to conduct a competent pre-trial investigation.

### III LEGAL STANDARD FOR ISSUANCE OF COA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, in order to taken an appeal from a final order denying habeas corpus, a Certification of Appealability must be obtained from a circuit court justice or from the district court judge. 28 U.S.C. §2253, subd. (c)(1). In the Supreme Court decision in **Miller-El v. Cockrell**, 537 U.S. 322, 125 S.Ct 1029 (2003), the court clarified the standards for issuance of a COA.

In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c) (2). However, the petitioner need not show that he should prevail on the merits, **Lambright v. Stewart**, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc) [O]bviously the petitioner need not show that he should prevail on the merits. He has already failed

1

in that endeavor"]. Rather, the petitioner is merely required to make the "modest" showing (**Lambright, supra**, at 1025) that "reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." **Slack v. McDaniel**, 529 U.S 473, 484 (2000). As explained by the Ninth Circuit in **Jennings v. Woodford,** 290 F.3d 1006 (9th Cir. 2002) the substantial showing standard required for a COA is "relatively low." Id., at 1011, citing **Slack supra**. Hence a COA must issue if any of the following apply: (1) the issues are debatable among reasonable jurist; (2) another court could resolve the issue differently; or (3) the question raised are adequate enough to encourage the petitioner to proceed further. Finally, "The court must resolve doubts about the propriety of a COA in the petitioner's favor." **Jennings, supra**, citing Lambright, supra, at 1025."

### IV.     ARGUMENT SUPPORTING ISSUANCE OF COA

**REASONABLE JURISTS COULD DIFFER AS TO WHETHER THE SUFFICINECY OF EVIDENCE.**

On May 11 2004, the second day of trial (**OUTSIDE THE PRESENCE OF THE JURY**) District Attorney Paul Sanders disclosed to the Court that the **MILWAUKEE POLICE DEPARTMENT DESTROYED THE EVIDENCE ALLEGED USED IN COUNT 3**. See Tr. Pg. 3-4. In conjunction with count 2 that manifested **NO PRABABLE CAUSE THAT HARDISON COMMITTED ANY CRIME**. That another individual was apprehended with the alleged prerecorded monies. See detention/police report (**I compared this money with the prerecorded money used to purchase cocaine on a prior occasion, of the $850.00 used on a previous buy $840.00 of the money in Mr. Words pocket was the money used to purchase cocaine...**) He established that the violation was a significant factor in the State obtaining a conviction, WITHOUT EVIDENCE. This destruction of the evidence manifests cause and prejudice. . Hence a COA must issue if any of the following apply: (1) the issues are debatable among reasonable jurist; (2) another court could resolve the issue differently; or (3) the question raised are adequate enough to encourage the petitioner to proceed further, Hardison's issues has meet the **Slack supra** requirement. Wisconsin State Court's immediately barred these claims, under **State v. Escalona- Naranjo,** 185 Wis.2d 168, 517 N.W.2d 157(1994), without any decision or Order to explain the serious violation of the law.

Equal protection and Due Process of law entitles the Petitioner to be heard pursuant to the Wisconsin Constitution Art 1, Sec and the Fourteenth Amendment to the United States Constitution. Based on the fact that the petitioner was served with a fundamentally defective complaint then an amended fatal complaint then tried for delivery of cocaine **without the evidence at trial** (See) **Brady v. Maryland**, 373 U.S. 83, 83 (1963), from the February 27, transaction,( count 3 ) of the amended complaint. Also tried on for the March 8, 2002 alleged transaction, (count 2) **without any probable cause, that completely frustrated the hold case**. Hardison's substantial showing of the denial of a constitutional right." No "reasonable jurists would find the State court's assessment of the constitutional claim debatable or wrong." **Slack supra** .

The trial court lacked subject matter jurisdiction (See) **Giordenello v.United States,** Sense the complaint is defective and deprived the trial court of subject matter jurisdiction, the petitioner's challenge is not waived or procedurally barred **and can be brought at any time**,(See) **Harris v. United States**, 149 F.3d 1304 (11th Cir. 1998).

### REASONABLE JURISTS COULD DIFFER AS TO WHETHER COUNSEL WAS INEEFECTIVE

### BACKGROUND

On March 6, 2002 an **ILLEGAL SEARCH WARRANT WAS EXECUTED ON SQUEEKY CLEAN CAR WASH, HARDISON'S PLACE OF BUSINESS**, the search warrant and police report blatantly showed disregard for the truth without any objection from defense attorney Allen Eisenberg;

On Mach 11, 2002 at Hardison's initial appearance , the State served Hardison with a **fundamentally defective complaint** that charged him with did knowingly possess a firearm having been convicted of a felony contrary to Wis. §941.29(2);

On March 15, 2002, at Hardison's preliminary hearing, the State served Hardison with an **amended fundamentally defective** complaint that charged Hardison with two counts of delivery of cocaine count 2, count 3, contrary to Wis. §961.16, §961.41, §961.48. Still no objection from defense counsel Allen Eisenberg;

On June 24, 2002 the Honorable Clare L. Fiorenza **rescheduled a second preliminary hearing** and vacated the Plaintiff's arraignment at Hardison's request;

On May 9, 2003, at Hardison's **unscheduled motion hearing trial counsel Steven Kohn withdrew from Hardison's case without Hardison's knowledge nor Hardison being present**, contrary to Wis. §971.04 (h).;

On July 5, 2003, District Attorney Denis Stingl substituted Paul Sanders; Stingl intentionally withdrew all multiple amended counts to later reinstate multiple charges **without any objection from defense counsel Steven Kohn**;

On July 8, 2003 District Attorney Paul Sanders intentionally reinstated the amended complaint two delivery charges to later total to nine (9) counts, without any objection from counsel Kohn.

On May 11, 2004 the second day of trial (**OUTSIDE THE PRESENCE OF THE JURY**) D.A. Sanders disclosed to the court that the Milwaukee Police Department **DESTROYED THE EVIDENCE ALLEGEDLLY USED IN COUNT 3**, still **without any objection from defense counsel Mark Lispscomb**.

Hardison was denied effective assistance of counsel guaranteed by the 6th Amendment to the United States Constitution and Wisconsin Constitution Art, 1, §§§ 1, 7, 8, and 21(1). Specifically when counsel[s] Allen Eisenberg, Steven Kohn and trial Mark Lispcomb was

ineffective before trial when counsel[s] failed and refuse to file an objection pursuant to Wisconsin Statute §971.30 and §971.31 based on, 1) unsigned independent determination of probable cause sheet, 2) an invalid search warrant (illegal search and seizure), 3) and multiple fundamentally defective complaint[s]. All counsel[s] possessed the defendant discovery and transcripts. See **Strickland v. Washington**, 466 U.S. 688(1984). All counsel deficient performance prejudice the defendant by simply not objecting to the lack of probable cause that frustrated this cases, equal protection in violation of the Fourteen Amendment of the United States Constitution.

A motion to suppress evidence would be what a competent attorney would litigate as a legal pursuit; and why counsel did not object to the ripe claims **Jordan v. Hepp**, 831 F.3d 837, 841 (7th Cir. 2016 ) that there was NO PROBABLE CAUSE IN THIS CASE, no counsel over roughly two year timeline that Hardison was out on bail filed such motion challenging the sufficiency of either evidence or probable cause. Then ironically during trial the D.A. disclosed that the M.P.D. DESTROYED THE EVIDENCE, **without any objection**. Also **no state court allowed the defendant an opportunity to address any attorney to no his strategy to why, there was no objection to such claims in this application**. If counsel[s] would have filed a motion to suppress evidence that most competent attorney would have in Equal Protection of the law, the outcome would be different. Rather, the petitioner is merely required to make the "modest" showing (**Lambright, supra**, at 1025) that "reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." **Slack v. McDaniel**, 529 U.S 473, 484 (2000).

### "THE ABANDONMENT OF COUNSEL"

After sentencing, Hardison was appointed Attorney Paul G. Bonneson by the State's Public Defenders Office. January 18, 2005 counsel submitted a letter to Hardison stating I have carefully reviewed the trial court records, trial files and transcripts in the above matter. I HAVE CONCLUDED THAT THERE ARE NO ISSUES THIS CASE WHICH HAVE ARGABLE MERIT ON APPEAL. Bonneson violated Hardison's constitutional rights by providing "FALSE INFORMANTION". See **Hill v. Lockhart**, 474 U.S. 52 (1985), when in fact there was merit in Hardison case.

A person convicted in Wis. of committing a crime has a constitutionally guaranteed right to appeal his/her conviction to this court. Wis. Const. Art. 1 §21(1). See **State v. Perry**, 136, Wis.2d 92, 98 401 N.W.2d (1997). The right to an appeal includes that the appeal be a meaningful one. Ed at 99 401 Wis.2d 748. Hardison was denied his right to a fair direct appeal and to effective assistance of counsel (a) when counsel improperly WITHDREW FROM HIS CASE with a merit as strong as an illegal search and seizure / no probable cause the destruction of the evidence. A delusional Hardison, opted to go pro se without any education of law, knowledge of law in self-preservation mode, see **Owen v. United States**, 387 F.3d 607 (7th Cir. 2004), reserving his right in his first 809.30 to; 1) 'ineffective assistance of counsel'; 2) and 'insufficiency of evidence' on his first appeal. That was immediately denied pursuant **Escalona supra**. Bonneson was ineffective before Hardison opted to go pro se, informing him there is no arguable merit in his case, conspiring with the "DOOMED DEFENSE". Bonneson, failed in his investigatory powers to protect the defendant on the issues set forth in his first meaningful direct appeal. See **Anders v. California**, 386 U.S. 738 (1976),[the United States Supreme Court held unconstitutional the no merit procedure failed to satisfy the constitutional requirement of substantial equality and fair process under the 14th Amendment to the Constitution of the United States. In particular they found the procedure defective because it did not require counsel to act in greater capacity than that of amicus curiae].

However, in analyzing an ineffective assistance of post-conviction counsel claim, when it is alleged that post-conviction counsel has abandon the defendants direct appeal and provide erroneous information regarding appellate right, improperly withdrawing, leaving his duties to a None attorney individual to struggle thirteen and a half year appealing a case that never meet any probable cause to start with a violation of the 8th Amendment, Protection against cruel and unusual punishment.

After Hardison's direct appeal, in which he preserved his claim of ineffective assistance of counsel and inefficiency of evidence claim, Hardison obtain **Patrick Cafferty** and then after **Wendy Patrickus. Cafferty** and **Patrickus**, whom possessed the complete files, discover and transcripts also failed and refused to argue in a motion or brief, ineffective assistance of trial counsel on appeal, **Cafferty** advised Hardison to withdraw his petition to the Wisconsin Supreme Court to pursue a strategy in a 974.06 post-conviction motion see

letter, then suddenly withdrew, with all the fund from Ms. Kia Lewis. These counsel[s] Wendy Patrickus, conspired in the violation of ineffective assistance of counsel and failure to bring any claims during the time they possessed Hardison's transcripts for hire.

### a.) ATTORNEY DEFICIENT PERFORMANCE

Hardison has met the deficient performance prong. In this case the transcripts "on its face" prove there's no probable cause that the detective perjured himself and the CI wasn't reliable **Illinois v. Gates**, 462 U.S. 213 (1983). The amended complaint[s] on its face "and multiple complaints after, contains no facts that support that the (C.I.) was in fact reliable. See **United States v. Bell**, 583, F.3d 1045 (7th Cir 2009). Based on these facts the pre-trial and trial attorney owed Hardison a duty to file a **motion to suppress evidence** based on the fact that the (C.I.) was not reliable and there was no reasonable suspicion for the police to draw up a warrant then execute a search warrant and arrest Hardison. See **Terry v. Ohio**, 392 U.S. 1 (1968), that lack probable cause that Hardison committed a crime. Trial counsel had the discovery and the criminal complaint and simply DID NOT OBJECT TO THE MISSING DRUGS A TRIAL this is unreasonable under professional prevailing norm. That manifests deficient performance **See Strickland supra**.

Also Paul Bonneson failed and refused to argue in Hardison's direct appeal that trial counsel was ineffective for not addressing these issues set forth in this application, in a post-conviction, §809.30. And also Cafferty and Patrickus were deficient.

Sense trial and post-conviction counsel[s] failed and refused to address these issues their performance was deficient.

### b.) PREJUDICE TO HARDISON

Hardison has met the prejudice prong. This is because if trial counsel[s] had argued these issues a reasonable probability existed pursuant to **Ritacca supra, State v. Williams**, 47 Wis.2d 240, 177 N.W.2d 611 (Wis. 1970) that the Trial Court would have dismissed all charges. Additionally, because post-conviction counsel failed and refused to argue, file a motion that trial counsel was ineffective that (1)the Detective perjured himself, search warrant/police report/testimony (2) the (C.I.) was not reliable, and (3) the detective had no reasonable suspicion to draw up an Affidavit for Search Warrant based on the (C.I.s) ball assertion that Hardison 'might" conduct a drug transaction therefor,(4) the complaint is defective, (5) the State allegedly destroyed the drugs ,a reasonable

possibility existed that pursuant to the law of **Gates supra, Terry supra,** and **Freeman supra**, that the evidence would have been suppressed for a different outcome.

### REASONABLE JURISTS COULD DIFFER AS TO WHETHER THE MISCARRIAGE OF JUSTICE EXIST

On May 11, 2004 the second day of trial (**OUTSIDE THE PRESENCE OF THE JURY**), D.A. Paul Sanders disclosed to the court, that the **M.P.D DESTROYED THE ALLEGED EVIDENCE** (See) **Brady v. Maryland**, 373 U.S. 83, 83 (1963), from the February 27, transaction,( count 3 ) of the **amended complaint**. Defense counsel failed and refused to object to such a serious constitutional violation then Judge Seifert allowed such violation to enter his court room that showed disregard for the EQUAL PROTECTION OF THE LAW, a violation of the 14th Amendment of the United States Constitution. All Court Government official showed A MISCARRIAGE OF JUSTICE when proceeding with trial. This prejudices the petitioner to receive his right to a fair trial. In **Schlup v. Delo**, 513 U.S 298, 115 S.Ct. 851 (1995) the court held that to meet this burden a petitioner must show it is more likely than not that no reasonable juror would have found them guilty beyond reasonable doubt, in a MISCARRIAGE OF JUSTICE

(a) Claims of actual innocence must be distinguished from claims of legal insufficiency. Courts do have the authority to review cases to determine whether the evidence was legally sufficient to sustain the verdict See **Jackson vs. Virginia**, 443 U.S. 307. 99 S.Ct 2781 (1979). That includes any contradictory or impeaching evidence. Only evidence supporting the verdict.
Under the judge's procedural jury instruction no jurists could have found guilt of a crime without the evidence. (See) **State v. Edwards**, 2009 WI App 95 (HN8 A trial court has broad discretion in deciding whether to give a particular jury instruction. And the court must exercise its discretion to the fully and fairly inform ……..) no jury could have found the petitioner guilt of a crime without material evidence present in trial. That Mark Lispscomb did not object to the M.P.D. destroying the evidence Petitioner has met the **deficient performance** prong.

### V.    CONCLUSION

WHEREFORE, a request for the reason stated herein, Hardison ask this Court to issue a COA as to the ripe issues on which a COA is sought to process his appeal in the Western District Court of Wisconsin.

Dated this 30 day of January, 2018

*Odell M. Hardison Jr.*
**ODELL M. HARDISON JR. Pro Se**
**New Lisbon Corr. Inst.**
**P.O. Box 4000**
**New Lisbon, WI 53950**

Odell Hardison 327395
New Lisbon Corr. Inst.
P.O. Box 4000
New Lisbon WI 53950



RECEIVED
2018 FEB -6 AM 8:50



United States Court of Appeal
219 South Dearborn Street
Chicago, IL 60604